**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO DEVARD,<br><br>        Plaintiff,<br><br>vs.<br><br>COUNTY OF SACRAMENTO; Deputy GREGORY SMITH (Badge #42 ); Deputy TYRIE MCINTYRE (Badge #592 ); and DOES 1 through 10, inclusive,<br><br>        Defendants.<br>_____/ | NO.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Antonio DeVard complains and alleges as follows:

### I. JURISDICTION

1. This Complaint seeks, inter alia, damages pursuant to Title 42 U.S.C. sections 1983 and 1988, for violation of plaintiff's civil rights. Jurisdiction is founded upon Title 28 U.S.C. sections 1331 and 1343.

### II. VENUE

2. Plaintiff's claims alleged herein arose within the County of Sacramento, California. Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. section 1391(b)(2).

### III. INTRODUCTION

3. In contemporary society there are only two cognizable groups that believe they should be able to, without fear, walk up to a person they do not know and because they did not like their attitude, punch them in the face, and slam them into a car. One of those

groups is a criminal street gang. Deputy Smith and Deputy McIntyre belong to the other group. Deputy Smith punched DeVard in the face and slammed him into the patrol car because he decided to teach him a lesson because he could and should get away with it. Deputy McIntyre, despite having ample opportunity to intervene, took no actions to prevent or deter Deputy Smith's unlawful conduct. Unfortunately for Deputy Smith and Deputy McIntyre, their actions were captured on a surveillance camera.

## IV. PARTIES

4.     During all times mentioned in this Complaint, Plaintiff Antonio DeVard (hereafter "DeVard") was, and is, a United States citizen. Plaintiff resides in the County of Sacramento, California.

5.     Defendant County of Sacramento is a political subdivision of the State of California, created and existing by virtue of the laws of the State of California.

6.     Defendant Sacramento County Sheriff's Department Deputy Gregory Smith (Badge #42) and Deputy Tyrie McIntyre (Badge #592) were during all times mentioned herein Sheriff's Deputies employed by the County of Sacramento and/or Sacramento County Sheriff's Department and acting in the course and scope of said employment relationship.

7.     The true names and identities of Defendants Does 1 through 10 are presently unknown to Plaintiff. Plaintiff alleges on information and belief that each of Defendants Does 1 through 10 was, and is, responsible for the supervision at issue in this case. Plaintiff alleges that each of Defendants Does 1 through 10 is responsible in some manner for the acts and injuries alleged herein. Plaintiff will seek to amend this Complaint as soon as the true names and identities of Defendants Does 1 through 10 have been ascertained.

8.     Deputy Smith, Deputy McIntyre and Does 1 through 10, and each of them, to the extent they engaged in any acts or omissions alleged herein, and unless otherwise indicated by in this Complaint, engaged in such acts and/or omissions under color of state law. These acts and/or omissions subjected Plaintiff to violence, threat and intimidation and interfered with his rights as secured under federal law.

## V. FACTUAL ALLEGATIONS

9. Plaintiff Antonio DeVard is an 18 year-old Sacramento resident who has no criminal record. At the time of this incident, he was 16 years-old, approximately 5'6' and weighed 118 lbs.

10. At all relevant times he was living with his father and step-mother. They peacefully cohabitated although there were the typical disputes and differences of opinion that arise between parents and semi-adult children.

11. On April 25, 2014, there was an unusual verbal dispute between DeVard and his parents which led to Deputies Smith and McIntyre being dispatched to a verbal family disturbance.

12. In the course of discussing the situation which had brought the deputies to the DeVard home, Smith and McIntyre perceived that DeVard was displaying a lack of respect towards his parents.

13. The Deputies' solution was to escort DeVard outside to teach him a lesson. Smith's lesson consisted of punching him in the head, grinding his face into a post, and slamming him into the patrol car. As part of the "lesson" Smith told DeVard that "if you were in prison you'd have a big black nigger like me up your ass."

14. While Smith assaulted DeVard, McIntyre did not seek to intervene and stood look out for Smith.

15. DeVard alleges that the Sheriff's Department permits or encourages deputies to not intervene or report the use of excessive force by fellow officers.

16. After beating DeVard, they released him and drove off.

17. DeVard was traumatized by the assault and was reduced to tears. He additionally sustained various abrasions and bruises on the right side of his face.

18. Unfortunately for the officers, their assault was largely captured on a neighbor's video surveillance system.

19. DeVard filed an internal complaint with Sacramento County Sheriff's Department regarding this incident. A copy of the video tape was provided to the Sheriff's

Department in connection with the complaint.

20. Sacramento County Sheriff Scott Jones informed DeVard's parents in a letter dated August 12, 2014, that that complaint, Complaint No. 2014IA-023, was sustained.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Unreasonable Seizure/Excessive Force**
(Violation of the Fourth Amendment to the U.S. Constitution:
Actionable under 42 U.S.C. §1983)
*(Against Defendants Smith and McIntyre)*

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20, as though fully set forth herein.

22. The actions of Defendant Smith, as alleged herein, including but not limited to, causing Plaintiff to be assaulted and injured by a Sacramento County Sheriff's Department Deputy constituted an unreasonable seizure and an excessive use of force in violation of Plaintiff's Constitutional rights as protected by the Fourth Amendment to the U.S. Constitution.

23. The actions of Defendant McIntyre, as alleged herein, including but not limited to, failing to intervene in Defendant Smith's unlawful assault of Plaintiff as well as serving as look out for Smith to further enable Smith's assault constituted an unreasonable seizure and excessive use of force in violation of Plaintiff's Constitutional rights as protected by the Fourth Amendment to the U.S. Constitution.

24. As a direct and proximate result of said acts and/or omissions by Defendants, Plaintiff suffered pain and suffering, and sustained physical injury and emotional distress.

25. The aforementioned acts and/or omissions of said Defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages.

### SECOND CAUSE OF ACTION
**Entity/Inadequate Supervision**
(*Monell* claim: Actionable under 42 U.S.C. §1983)
*(Against Defendants County of Sacramento and Does 1 through 10)*

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25, as

though fully set forth herein.

27. The aforementioned acts and/or omissions of the individually named Defendants were done as a result of inadequate supervision by Defendants County of Sacramento and Does 1 through 10. Defendants County of Sacramento and Does 1 through 10 knew or should have known that their inadequate supervision would result in the violation of DeVard's constitutional rights as described herein. The failure to provide adequate supervision made the injuries sustained by DeVard's foreseeable.

28. Defendants County of Sacramento and Does 1 through 10, and each of them, tacitly encouraged, ratified and/or approved the unlawful conduct alleged herein and knew or should have known that such encouragement, ratification or approval would result in violations of Plaintiff's constitutional rights.

29. As a direct and proximate result of the aforementioned customs, policies and/or practices of said Defendants, Plaintiff suffered injuries and damages as alleged herein.

30. The aforementioned acts and/or omissions of said non-entity Defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of Plaintiff's rights entitling Plaintiff to an award of exemplary and punitive damages.

**THIRD CAUSE OF ACTION**
**Entity Liability/Unconstitutional Practices**
**(42 U.S.C. §1983)**
*(Brought against Defendants County of Sacramento and DOES 1- 10)*

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

32. The aforementioned acts of Defendant Smith in attacking Plaintiff and Defendant McIntyre in failing to intervene and/or assisting the attack were the direct and proximate result of the following actual or de facto policies of the Sacramento County Sheriff's Department (hereinafter "department") and Does 1 through 10, and each of them.

   a. Despite having the data and means to easily do so, the department refuses to track both uses of force by the department as a whole and uses of force by individual deputies.

     b. The department consistently fails to discipline its deputies for using excessive force.

     c. The department does not refer any cases involving its deputies' uses of excessive force to the district attorney for prosecution.

     d. The department never follows its own written policies regarding review of individual deputies' uses of force.

     e. The department tolerates and or encourages deputies to turn a blind eye towards the use of excessive force by other deputies. This is sometimes referred to as a code of silence.

33. As a direct and proximate result of the aforementioned actual or de facto policies and procedures of said Defendants, Plaintiff suffered injuries and damages as alleged herein.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory, general and special damages against each defendant, jointly and severally, to the extent permitted by law, in the amount proven at trial;

2. For punitive and exemplary damages against each non-entity defendant, as allowed by law, in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

3. For reasonable attorneys' fees as provided by law, including, but not limited to 42 U.S.C. §1988;

4. For declaratory and injunctive relief regarding the defective policies and procedures;

5. For costs of the suit; and

6. For such other relief as the Court deems just and proper.

///

///

Dated: January 26, 2016                    Respectfully submitted,


                                           /s/Stewart Katz
                                           STEWART KATZ
                                           Attorney for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff Antonio DeVard hereby demands trial by jury.

Dated: January 26, 2016                    /s/Stewart Katz
                                           STEWART KATZ
                                           Attorney for Plaintiff